UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SAM JACKSON                                         CIVIL ACTION NO. 25-1569

VERSUS                                              DISTRICT JUDGE FALLON

VOLUNTEERS OF AMERICA, INC., ET. AL.               MAGISTRATE JUDGE NORTH


ORDER AND REASONS

The Court has before it two Motions to Dismiss in the above-captioned action, one filed by Defendants Volunteers of American Southeast Louisiana, Inc. ("VOASELA"), Jeff Mullan, Greg Brown, and Jason Stereal (collectively, the "Volunteers Defendants"), R. Doc. 15, and one filed by Defendants Express Services Inc. of Colorado, Express Services, Inc. (together, "Express Services"), and Sandra Anderson (collectively, the "Express Defendants"), R. Doc. 17. Both sets of Defendants argue that *pro se* Plaintiff Sam Jackson's claims against them must be dismissed on several grounds. Plaintiff has filed no opposition to either motion. Having considered the briefing in light of the applicable law and record facts, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motions for the following reasons.

I.      BACKGROUND & PRESENT MOTIONS

Plaintiff filed his *pro se* Complaint for Employment Discrimination with this Court on July 30th, 2025. R. Doc. 1. Plaintiff checked boxes to indicate that his claims were raised pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). *Id.* at 3. Plaintiff provided no written statement of his claim, but checked boxes to indicate that the discriminatory conduct of which he complained in this action included termination of his employment, failure to

1

promote him, failure to accommodate his disability, unequal terms and conditions of his employment, and retaliation, and that he claimed the Defendants discriminated against him based on his race, color, gender/sex, religion, and age. *Id.* at 4. He attached to his complaint an unsigned employment contract between "Express Employment professionals" and himself, R. Doc. 1 at 7–11, and charges of discrimination against "VOLUNTEERS OF AMERICA INC" (the "Volunteers Charge") and "Express professional employee" (the "Express Charge") filed with the United States Equal Employment Opportunity Commission ("EEOC"), along with the responding EEOC Determination and Notice of Right to Sue letters. R. Doc. 1-1.

> The Volunteers Charge states:

> I began my employment with Volunteer of America in December 2024, most recently as a Monitor, earning $ 10.00 per hour. I was told after I worked the recommended hours I would transition to full time. I worked the required hours and was not hired for fulltime employment. Justin LNU (black male) worked for approximately (sic) months and transition (sic) to fulltime. I believe my religion as a Christian was the reason I did not transition to fulltime. According to the company, they no longer needed my services. I believe I have been discriminated against because of my religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at 1. The Express Charge states:

> I went to Express Employment Professional for job seeking in November 2024. Initially I was working in a coffee shop. I was called by Cassandra (LNU). She advised that she found employment with Volunteers of American. I asked to work both jobs, she threatened me and said I can only work one or be fired. I was told after I worked the recommended hours I would transition to full time. I worked the required hours and was not hired for fulltime employment. Justin LNU (black male) worked for approximately months and transition to fulltime. According to the company, they no longer needed my services. I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at 11.

Both the Volunteers Defendants and the Express Defendants now seek to dismiss Plaintiff's claims against them. R. Doc. 15, 17. The Volunteers Defendants argue that Plaintiff's claims should

be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

relief can be granted because:

a. Jackson has not alleged that VOASELA employed him, which is a prerequisite for liability under Title VII, the ADEA, and the ADA.

b. Title VII, the ADEA, and the ADA do not provide for individual liability.

c. Jackson did not exhaust his administrative remedies before asserting his sex or race discrimination claims under Title VII, his ADEA or ADA claims, or his retaliation claim.

d. The Complaint does not allege facts sufficient to establish that VOASCLA terminated Jackson's employment, failed to promote him, or subjected him to unequal terms and conditions of employment based on his religion.

R. Doc. 15-1 at 2. The Express Defendants argue Plaintiff's claims against them should be

dismissed either for failure to state a claim, or for deficient service of process under Federal Rules

of Civil Procedure 12(b)(4) or (5). R. Doc. 17-1 at 1.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the

plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant

is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the

complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw

all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996),

courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal

3

conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### III.    DISCUSSION

Preliminarily, the Court notes that it construes Plaintiff's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the Court construes the allegations made in Plaintiff's employment discrimination charges to be incorporated as part of his complaint. But even by this standard, Plaintiff's complaint can be read to assert only Title VII claims. Plaintiff makes no factual allegations which can be construed as alleging either an ADEA or ADA claim. Accordingly, any and all claims under those statutes are hereby DISMISSED.

As to Plaintiff's Title VII claims, it is well established that Title VII does not impose individual liability. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 388 n. 1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."). Accordingly, Plaintiff's claims against the individual defendants, Mullen, Brown, Streal, and Anderson, also must be and hereby are DISMISSED.

Additionally, a plaintiff alleging workplace discrimination must exhaust all administrative remedies before asserting a claim under Title VII in federal court. *Castro v. Tex. Dep't of Criminal Justice*, 541 F. App'x 374, 379 (5th Cir. 2013). "The exhaustion requirement is satisfied when plaintiff files a timely charge with the EEOC and receives a statutory right-to-sue notice." *E.E.O.C. v. Res. for Hum. Dev., Inc.*, 827 F. Supp. 2d 688, 697 (E.D. La. 2011). The exhaustion requirement "is strictly construed, and courts have routinely dismissed cases in which the plaintiff did not allege that they received a right-to-sue letter or failed to present evidence that such a letter had issued."

*Ordonye v. Clement*, No. 24-2084, 2025 WL 371385, at *10 (E.D. La. Feb. 3, 2025). Here, Plaintiff received right-to-sue letters from the EEOC as to the Volunteers Charge and the Express Charge. R. Doc. 1-1. However, only claims that are "like or related to" the charge's allegations are deemed to be exhausted by the charge filing. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1992). The Volunteers Charge, even construed liberally, can be read only to make out a claim for race- or religion-based discrimination. R. Doc. 1-1 at 1. Similarly, the Express Charge can be read only to make out a claim for race-based discrimination. *Id.* at 11. Accordingly, Plaintiff has failed to exhaust his administrative remedies as to any other form of discrimination, and those claims must also be DISMISSED.

The claims that remain are Plaintiff's claims against VOASELA for race- or religion-based discrimination and against Express Services for race-based discrimination under Title VII. VOASELA argues Plaintiff's remaining claims against it should be dismissed because, it asserts, Plaintiff makes no allegation that VOASELA employed Plaintiff. "[A]n employment relationship between the plaintiff and the defendant is a prerequisite to maintaining a Title VII action." *Lavergne v. HCA Inc.*, 452 F. Supp. 2d 682, 689 (E.D. Tex. 2006) (citing 42 U.S.C. § 2000e(b)). However, in the Volunteers Charge, Plaintiff does allege that he "began [his] employment with Volunteer of America in December 2024, most recently as a Monitor, earning $ 10.00 per hour[.]" R. Doc. 1-1 at 1. At the motion to dismiss stage, this suffices as an allegation that an employment relationship between Plaintiff and VOASELA, misnamed by Plaintiff as Volunteer of America, existed.

Finally, VOASELA and Express Services[1] both argue that Plaintiff's remaining Title VII claims against them should be dismissed for failure to state a claim upon which relief can be

---

[1] Express Services also argues that Plaintiff's claims against it should be dismissed because Plaintiff served it seven days late. However, "[t]he district court enjoys broad discretion in determining whether to dismiss an action

granted, given that the Volunteers Charge, the Express Charge, and the Complaint contain only conclusory allegations against them and little or no factual support for Plaintiff's claims. However, Rule 15 of Civil Procedure provides that a court should freely give a party leave to amend its complaint when justice so requires, unless amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court cannot hold at this time, and on the basis of the scant record before it, that amendment would be futile. Accordingly, the Court will grant Plaintiff leave to amend his complaint as to the remaining Title VII claims against VOASELA and Express Services only.

### IV.     CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that the Motions to Dismiss, R. Doc. 15 and 17, are **GRANTED IN PART** and **DENIED IN PART**, namely, all claims brought under ADA or the ADEA, all claims against individual defendants Mullen, Brown, Streal, and Anderson, and unexhausted Title VII claims are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint as to his remaining Title VII claims of race- and religion-based discrimination against VOASELA and race-based discrimination against Express Services, containing more fulsome factual allegations against those parties in support of his claims, no later than thirty days from the date of this order. Failure to comply with this order and file an amended complaint will result in dismissal of Plaintiff's remaining claims without further notice.

New Orleans, Louisiana, this 9th day of April, 2026.

_____
United States District Judge

---

for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Under these circumstances, the Court declines to penalize a *pro se* litigant for a short delay in properly executed service.